FARMER, Judge,
dissenting.
I dissent from this affirmance of a refusal to compel arbitration. This is a suit by a former employee of a securities brokerage firm, alleging slander and infliction of emotional distress. The alleged conduct is said to have occurred some ten days after the employee resigned as branch manager of the firm’s Boca Raton office. He claims that the firm broadcast by loudspeaker within its offices the following message: “David Cawthon is a thief, cheater, liar, incompetent, untrustworthy backstabber.” He also alleges that the firm has' published false statements to former clients of the employee and the president of his new employer.
In accepting employment with the firm, the employee agreed to the following provision:
I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm * * ⅜ that is required to be arbitrated under the rules, constitutions, or bylaws of the organization with which I register, as indicated in Item 10 as may be amended from time to time.
Section 12(a), Part III, Uniform Code of Arbitration, National Association of Securities Dealers, provides:
Any dispute, claim or controversy eligible for submission under Part I of this Code between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated persons shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon demand of the customer.
Part I of the same Code provides:
This Code of Arbitration Procedure is prescribed and adopted pursuant to Article VIII, Section 1(a)(3) of the bylaws of the National Association of Securities Dealers, Inc., (the Association) for the arbitration of any dispute, claim or controversy arising out of or in connection with the business of any member of the Association, with the exception of disputes involving the insurance business of any member which is also an insurance company * * *.
Reading these provisions according to their literal terms, it seems to me that this action must be submitted to arbitration if plaintiffs claims fit within the contractual locution “arising out of or in connection with the business of [the firm].”
The substantive dispute between the parties is probably covered by federal law, namely the United States Arbitration Act, 9 U.S.C. sections 1-16 (1990) [USAA], USAA is a “congressional declaration of a liberal federal policy favoring arbitration, notwithstanding any state substantive or procedural policies to the contrary,” requiring that all doubts be resolved in favor of arbitration rather than against it. Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 924, 74 L.Ed.2d 765, 785 (1983).
Manifestly, there is nothing inherent in slander or infliction of emotional distress *967 claims that precludes arbitration. Or, to put it another way, there is nothing about such claims that requires a court in preference to an arbitration forum. As we said in Pierce v. J.W. Charles-Bush Securities Inc., 603 So.2d 625, 628 (Fla. 4th DCA 1992), “[i]f civil rights, antitrust and securities fraud claims are not inappropriate for arbitration, it is very difficult to imagine a civil claim in which an agreement to arbitrate would not be enforced.”
Even if an agreement to arbitrate covered by federal law extends only to some claims in suit, under the USAA a court does not have discretion to deny a motion to stay the civil action pending the arbitration; the court is required to direct the parties to proceed to arbitration. See USAA, § 3 (“the court * * * shall * * * stay the trial of the action until such arbitration has been had” [e.s.]); see also Dean Witter Reynolds Inc., v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Thus, if one saw a difference between the slander claim and the infliction claim, such that the slander might have been arguably related to the business of the firm but not the infliction of emotional distress, then the proper remedy would be to stay the infliction claim while arbitration of the defamation claim proceeds.
I do note that the employee’s causes of action all arose after his employment relationship with the firm had already terminated. I do not understand why the date of the employee’s termination of employment might be thought to determine whether the claims are arbitrable. The text of the arbitration clause is broad enough to encompass the kind claims asserted — even those based upon post employment defamation and infliction of emotional distress. It contains no exception for claims arising after the relationship has ended. The essential test is whether the claims arose in connection with the business of the firm, not when they arose. If we harbored any doubts, Moses H. Cone Memorial Hospital would require that we resolve them in favor of arbitration, not against it. I thus disagree with the court’s decision today.